IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:12-CV-20695-COOKE/TURNOFF

(Order of Reference dated April 17, 2012)

HUGH F. CULVERHOUSE, individually
and on behalf of all others similarly situated,

       Plaintiffs,

vs.

PAULSON & CO. INC. and
PAULSON ADVISERS LLC,

       Defendants.
_____/

**DEFENDANTS PAULSON & CO. INC. AND PAULSON ADVISERS LLC'S MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON DEFENDANTS' SECOND MOTION TO DISMISS**

Defendants, Paulson & Co. Inc. and Paulson Advisers LLC (collectively "Paulson Advisers"), by their undersigned counsel, respectfully move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay all discovery, including initial disclosures under Rule 26(a), pending resolution of Paulson Advisers' forthcoming motion to dismiss Plaintiff's First Amended Complaint ("FAC") (D.E. 20).

**I.     INTRODUCTION**

Plaintiff, Hugh F. Culverhouse ("Culverhouse"), lacks standing to sue Paulson Advisers and has otherwise failed to state a claim against them, yet again seeks to force Paulson Advisers to undertake the expense of responding to onerous discovery before this Court has an opportunity to rule on Paulson Advisers' upcoming motion to dismiss, to be filed with the Court on June 20,

1

2012.  Proceeding with discovery while serious, dispositive questions of standing and the viability of Culverhouse's claims remain to be resolved would impose a substantial hardship upon Paulson Advisers, while yielding no benefits in terms of fairness or efficiency.  The discovery requests served by Culverhouse are burdensome, improperly assume that his claims are not barred by a complete lack of standing, and will require considerable resources and the expenditure of fees to serve initial disclosures and adequately respond to the interrogatories and requests for documents at issue.  The Court should therefore exercise its discretion, pursuant to Federal Rule of Civil Procedure 26(c), to issue an order staying all discovery pending the resolution of Paulson Advisers' forthcoming motion to dismiss the First Amended Complaint (the "Second Motion to Dismiss").

As demonstrated below, there is good cause to grant this Motion because: (i) Paulson Advisers' Second Motion to Dismiss, if granted, will result in final disposition in favor of Paulson Advisers and dispose entirely of the case; (ii) any discovery conducted while the Second Motion to Dismiss is pending would cause the parties to incur unnecessary and burdensome expenses; (iii) neither the parties nor the Court would be prejudiced by a stay of discovery at this stage in the proceedings; and (iv) Culverhouse is not entitled to any discovery on the issues presented by the Second Motion to Dismiss.

## II.   BACKGROUND

Culverhouse has asserted claims for breach of fiduciary duty, gross negligence, and unjust enrichment against Paulson Advisers, arising out of Paulson Advisers' management of the Paulson Advantage Plus, L.P. hedge fund (the "Investment Fund").  In his original Complaint (D.E. 1), Culverhouse asserted standing based on his purported ownership of a limited partnership interest in the Investment Fund and execution of the Investment Fund's Limited

Partnership Agreement. (D.E. 1 ¶¶ 1, 9, 15, 52.)  These allegations were demonstrably false, and after being confronted with the truth in Paulson Advisers' original Motion to Dismiss (D.E. 9), Culverhouse filed an Amended Complaint, tacitly acknowledged that he had misled the Court in his prior complaint, and openly admitted that he was *not* an investor in the Investment Fund, but instead, an investor in an unrelated Citigroup feeder fund, HedgeForum Paulson Advantage Plus, LLC (the "Feeder Fund").  Because Culverhouse is not an investor in the Investment Fund, the Second Motion to Dismiss will show, as did the original Motion to Dismiss, that he lacks standing to sue Paulson Advisers, and that the First Amended Complaint should be dismissed without leave to amend.

On June 13, 2012, Culverhouse propounded four (4) sets of discovery requests on Paulson Advisers. These requests seek the disclosure of information and the production of a substantial number of documents by Paulson Advisers that would be premature at this juncture in the case, and waste money and resources in anticipation of the Second Motion to Dismiss. Therefore, Paulson Advisers respectfully requests that this Court use its broad discretion under Rule 26(c) to issue a protective order staying all discovery until the Court rules on the Second Motion to Dismiss the First Amended Complaint which will be filed on June 20, 2012.

**III.    ARGUMENT**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, this Court is authorized to limit discovery where such discovery is unduly burdensome or expensive.  *See* Fed. R. Civ. P. 26(c)(1).  The Court "has broad discretion in regulating discovery matters, including the power to stay discovery pending resolution of a dispositive motion." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2705428, at *1 (S.D. Fla. July 9, 2008).  "Courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the

entire action." *See Nankivil v. Lockheed Martin Corp*., 216 F.R.D. 689, 692 (M.D. Fla. 2003) (internal quotation omitted). Furthermore, district courts of this and other circuits regularly exercise their discretion to delay discovery when presented with a motion to stay. *See, e.g.*, *Allmond v. Duval County*, Case No. 3:08-cv-486-J-34TEM, 2008 WL 520813 *2-3 (M.D. Fla. Feb. 9, 2010); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818 (S.D. Fla. Apr. 16, 2008) (granting defendant's motion for temporary stay of discovery pending the court's ruling on defendant's motion to dismiss, which was "largely a facial challenge on the legal sufficiency of Plaintiff's Complaint . . . because discovery [was] not needed for the resolution of this [m]otion and requiring discovery would impose an undue burden on the [d]efendant"). It is thus appropriate to stay discovery pending the outcome of a case-dispositive motion to dismiss.

    **A.**    **A Stay of Discovery in This Case Is Appropriate Pending Resolution of Defendants' Case-Dispositive Second Motion to Dismiss**

Ample reason exists in this case to resolve Paulson Advisers' Second Motion to Dismiss *before* requiring them to respond to Culverhouse's discovery requests and the initial disclosures. The First Amended Complaint alleges three causes of action against Paulson Advisers, all of which are dependent on Culverhouse's ability to establish standing. Culverhouse's recent admission that he is not an investor in the Investment Fund and has no relationship--contractual or otherwise--with Paulson Advisers in connection with the Investment Fund, raise issues fatal to his standing to assert claims against Paulson Advisers arising out of Paulson Advisers' management of the Investment Fund. If granted, Paulson Advisers' Second Motion to Dismiss will be dispositive as to the entire First Amended Complaint, and any discovery taken prior to this Court's ruling on Paulson Advisers' Second Motion to Dismiss will be moot and result in needless burden and expense. Conversely, a stay would protect the parties and the Court from having to incur unnecessary costs and resources, and would promote judicial efficiency. *See In*

*re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

Culverhouse served the following discovery requests on Paulson Advisers on June 13, 2012:

- Fifty-one (51) Requests for Production served on Defendant Paulson & Co, Inc;
- Fifty-one (51) Requests for Production served on Defendant Paulson Advisers, LLC;
- Twelve (12) Interrogatories served on Defendant Paulson & Co, Inc; and
- Twelve (12) Interrogatories served on Defendant Paulson Advisers, LLC.

Attached as **Exhibits A1-A4** hereto are copies of these discovery requests. As evidenced by the number and breadth of the discovery requests, responding to this discovery will be time-consuming and burdensome for Paulson Advisers. In addition, staying discovery until the Court resolves the Second Motion to Dismiss will in no way prejudice Plaintiff. The case is still at the beginning stages, and the Court only recently set a proposed trial date.

As such, it is proper for this Court to stay all discovery against Paulson Advisers pending disposition of the motion, and avoid the needless expense of propounding and/or responding to discovery for a second time, in the event that this Court grants the dismissal in favor of Paulson Advisers.

      **B.**    **Culverhouse Is Not Entitled To Any Discovery From Paulson Advisers at this Stage of the Proceedings.**

Aside from the fact that discovery at this stage in the litigation would be wasteful and unnecessary, Culverhouse is not entitled to any discovery from Paulson Advisers, because no discovery is required on the issues presented by the Second Motion to Dismiss. Insofar as the original Complaint was completely deficient in establishing Culverhouse's standing, and based

on his false and misleading claim of a limited partnership interest in the Investment Fund, the Court authorized the parties to engage in jurisdictional discovery to determine the extent of the alleged relationship, if any, between Culverhouse, the Feeder Fund, the Investment Fund, and Paulson Advisers.  The court reiterated that the discovery authorized at this stage was "jurisdictional discovery" alone (D.E. 17).  However, Culverhouse then opted to address the standing arguments in a First Amended Complaint, which obviated all jurisdictional discovery and response deadlines, and in which he propounded an entirely new—and wholly erroneous—legal theory that eliminated any rationale for discovery prior to a ruling on the dismissal.  (FAC, ¶¶ 15-22).  There is no authority to support Culverhouse's eleventh hour effort to breathe life into his defective claims.

Culverhouse has "no right to discovery upon the filing of a motion to dismiss that raises a purely legal question." *Cheshire v. Bank of Am.*, No. 09-10099, 2009 WL 3497732 (11th Cir. Oct. 30, 2009); *see also Redford v. Gwinnett County Judicial Circuit*, No. 09-10807, 2009 WL 3059056 (11th Cir. Sept. 25, 2009).  Because Culverhouse now admits that he invested in the Feeder Fund, not the Investment Fund, Paulson Advisers' standing challenge in the Second Motion to Dismiss is now a facial challenge, not a factual challenge.  It is well established that "[f]acial challenges to the legal sufficiency of a claim or defense … should … be resolved before discovery begins.  Such a dispute always presents a purely legal question; … Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367 (citations omitted).  This Court previously considered and permitted jurisdictional discovery *only,* on the factual challenges of Paulson Advisers' original Motion to Dismiss.  Now that Culverhouse has abandoned his original theory, and is faced with a facial challenge on the First Amended Complaint (which conclusively admits Culverhouse's lack

6

of standing), there is even less reason to entertain his requests for full discovery on the merits. As such, good cause exists to stay all discovery against Paulson Advisers until this Court rules on the Second Motion to Dismiss.

### III.   CONCLUSION

For the foregoing reasons, Paulson Advisers respectfully requests that this Court grant the Motion to Stay Discovery, issue a protective order staying all discovery pending disposition of the Second Motion to Dismiss, and award such other relief as the Court deems just and proper.

### CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and Rule 26(c) of the Federal Rules of Civil Procedure, I, the undersigned counsel for Paulson Advisers, certify that I have conferred with counsel for Culverhouse regarding this motion and that Culverhouse does not consent to the requested stay of discovery.

Dated: June 15, 2012                                        Respectfully Submitted,

/s/ Timothy A. Kolaya
HILARIE BASS
Florida Bar No. 334243
E-Mail: bassh@gtlaw.com
TIMOTHY A. KOLAYA
Florida Bar No. 056140
E-Mail: kolayat@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Avenue of the Americas
(333 SE 2nd Avenue)
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

and

RICHARD A. EDLIN (Admitted *Pro Hac Vice*)
E-Mail: edlinr@gtlaw.com
GREENBERG TRAURIG, L.L.P
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Paulson & Co. Inc.*
*and Paulson Advisers LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Timothy A. Kolaya_____
TIMOTHY A. KOLAYA

## SERVICE LIST

| | |
|---|---|
| Harvey W. Gurland, Jr. | Lawrence A. Kellogg |
| hwgurland@duanemorris.com | lak@lkllaw.com |
| Felice K. Schonfeld | Jason Kellogg |
| fkschonfeld@duanemorris.com | jk@lkllaw.com |
| DUANE MORRIS LLP | LEVINE KELLOGG LEHMAN SCHNEIDER |
| 200 South Biscayne Boulevard | & GROSSMAN LLP |
| Suite 3400 | 201 South Biscayne Boulevard |
| Miami, Florida 33131 | 34th Floor |
| Telephone: (305) 960-2214 | Miami, Florida 33131 |
| Facsimile: (305) 397-1874 | Telephone: (305) 403-8788 |
| | Facsimile: (305) 403-8789 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| *Hugh F. Culverhouse* | *Hugh F. Culverhouse* |