# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

**FILED BY HH**
**Mar 17, 2016**
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

March 17, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 14-14526-CC
Case Style: Hugh Culverhouse v. Paulson & Co. Inc., et al
District Court Docket No: 1:12-cv-20695-MGC

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 14-14526

_____

District Court Docket No.
1:12-cv-20695-MGC

HUGH F. CULVERHOUSE,
individually and on behalf of all others similarly situated,

                              Plaintiff - Appellant,

versus

PAULSON & CO. INC.,
PAULSON ADVISERS LLC,

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 17, 2016
For the Court: AMY C. NERENBERG, Acting Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 03/17/2016**

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14526
_____

D.C. Docket No. 1:12-cv-20695-MGC

HUGH F. CULVERHOUSE,
individually and on behalf of all others similarly situated,

                 Plaintiff-Appellant,

versus

PAULSON & CO. INC.,
PAULSON ADVISERS LLC,

                 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 17, 2016)

Before WILLIAM PRYOR, JULIE CARNES, and SILER,[*] Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

We certified the following question of state law to the Delaware Supreme Court:

> Does the diminution in the value of a limited liability company, which serves as a feeder fund in a limited partnership, provide the basis for an investor's direct suit against the general partners when the company and the partnership allocate losses to investors' individual capital accounts and do not issue transferable shares and losses are shared by investors in proportion to their investments?

*Culverhouse v. Paulson & Co.*, 791 F.3d 1278, 1281 (11th Cir. 2015). The Delaware Supreme Court answered our question in the negative. *See Culverhouse v. Paulson & Co.*, No. 349, 2015, slip op. 1, 2 (Del. Jan. 26, 2016). Based on its answer, we now affirm the dismissal of the complaint.

## I. BACKGROUND

Hugh Culverhouse invested in HedgeForum Paulson Advantage Plus, LLC, a "feeder" fund that invested in Paulson Advantage Plus, L.P. When the latter lost $460 million on a bad investment, Culverhouse sued its general partners for breach of fiduciary duty, gross negligence, and unjust enrichment. Culverhouse alleged that his claims are "direct" under Delaware law. The district court disagreed and concluded that his claims are "derivative." The district court ruled that Culverhouse lacked "standing" under Article III of the Constitution and dismissed his complaint for lack of "subject matter jurisdiction." The district court also denied Culverhouse's request for jurisdictional discovery and dismissed his complaint without leave to amend.

2

On appeal, we concluded that the question whether Culverhouse's claims are direct or derivative is "unsettled" in Delaware. *Culverhouse*, 791 F.3d at 1281. We certified the question to the Delaware Supreme Court, which held that Culverhouse's claims are derivative. *Culverhouse*, slip op. at 7–8. We must now resolve Culverhouse's appeal.

## II. STANDARDS OF REVIEW

We review the dismissal of a complaint *de novo*. *See Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1206 (11th Cir. 2012). We review the denial of jurisdictional discovery and the denial of leave to amend for abuse of discretion. *See Reese v. Herbert*, 527 F.3d 1253, 1262 n.13 (11th Cir. 2008).

## III. DISCUSSION

The district court correctly dismissed Culverhouse's complaint. Now that the Delaware Supreme Court has answered our certified question, we know that Culverhouse's claims are derivative, not direct. His derivative claims fail because Culverhouse was never a partner of Paulson Advantage Plus, L.P. *See* Del. Code Ann. tit. 6, § 17-1002.

Although the district court correctly concluded that Culverhouse's claims are derivative, it incorrectly described this defect as jurisdictional. In his complaint, Culverhouse alleged that his claims are direct under Delaware law. Because his theory was "not 'immaterial and made solely for the purpose of obtaining

jurisdiction' or 'wholly insubstantial and frivolous,'" *Black v. Wigington*, No. 15-10848, slip op. 1, 20 (11th Cir. Jan. 22, 2016) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)), the district court should have accepted it as correct for purposes of jurisdiction, *see Mr. Furniture Warehouse, Inc. v. Barclays Am./Commercial Inc.*, 919 F.2d 1517, 1520 n.2 (11th Cir. 1990). "[I]n reviewing the standing question, the court must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims." *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). When the district court later concluded that Culverhouse was wrong and that his claims were derivative, its ruling should have been on the merits. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014); *Bond v. United States*, 131 S. Ct. 2355, 2362 (2011). That is, the district court should have dismissed Culverhouse's complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), not for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1). *See Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir. 1981).

Nevertheless, this labeling error is harmless because Culverhouse's complaint should have been dismissed. *See McCallum v. City of Athens*, 976 F.2d 649, 650 & n.1 (11th Cir. 1992). Because the complaint fails to state a claim, Culverhouse was also not entitled to jurisdictional discovery. *See Chatham Condo.*

4

*Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011–12 (5th Cir. 1979). And amending his complaint would have been futile. *See Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005).

## IV. CONCLUSION

We **AFFIRM** the dismissal of Culverhouse's complaint.